THE UNITED STATES DISTRICT COURT
FOR THE NORTTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MELISSA GILBERT MOORE, §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>NBCUNIVERSAL MEDIA, LLC, §<br>*a business entity,* §<br>*Defendants.* § | CIVIL ACTION NO.: **4-24CV1120-O**<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This action is arising under Title VII of the Civil Rights Act of 1964, brought as an individual action to recover damages and attorneys' fees owed to Plaintiff, against Defendant NBC NCB UNIVERSAL MEDIA, LLC, and for good cause alleges as follows:

### I.

### PARTIES

1. Plaintiff, MELISSA GILBERT-MOORE, is an individual and resident of Fort Worth County, Texas.

2. Defendant, NBC UNIVERSAL MEDIA, LLC is a business entity that can be served via its Registered Agent, Enterprise Corporate Services, LLC, 1201 N. Market Street, Suite 1000, Wilmington, DE 19801.

### II.
### JURISDICTION AND VENUE

3. The Court has jurisdiction under 29 U.S.C. §§ 201-219 ("FSLA"), 1331 and 1345, and 42 U.S.C. § 12133. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper under 28 U.S.C § 1391(b), as the cause of action arose in this judicial district, and the events underlying this complaint arose in this judicial district as well.

### III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted her administrative remedies with the Equal Employment Opportunity Commission by filing a Charge No. 450-2024- 09612 and obtaining a Right to Sue Letter on August 15, 2024, attached hereto as Exhibit A.

### IV.
### FACTUAL BACKGROUND

6. Plaintiff is currently employed with Defendant as a Finance Executive, and she is on currently employed on disability leave.

7. At all relevant times mentioned, Plaintiff suffered from a disability protected under ADA.

8. Plaintiff began her employment with Defendant on August 28, 1995. She has been employed with Defendant for over 29 years- an entire career.

9. Plaintiff's hub, or work location, was at Defendant's Dallas office located at  4805 Amon Carter Blvd., Fort Worth, TX 76155 (hereinafter "Fort Worth Office").

10. Defendant is a media corporation, with multiple stations in Texas and nationwide. During the course and scope of Plaintiff's employment, she worked multiple media stations owned by Defendant.

11. As of October 2023, Plaintiff simultaneously maintained all of the following positions:

    a) Financial Planning and Analysis ("FP&A") Manager for KXAS station in Dallas Fort Worth, Texas

    b) FP&A Manager Arthouse Dallas Fort Worth

    c) Fixed Asset Accountant for Defendant's KXAS station

    d) Fixed Asset Accountant for Defendant's KXTX station

    e) Fixed Asset Accountant for Defendant's NBC Arthouse station

    f) Music License Finance Fee Manager

    g) Point person for filing all monthly tax reports for KXAS stations.

12. At the onset of COVID-19 pandemic ("COVID") in 2020, the Fort Worth Office still maintained decent finance metrics, being one of the most profitable stations in entire company per demographics and revenue.

13. As a result of COVID, in 2022, Defendant decided to reduce the finance staff nationwide.

14. As follows, in March 2022 all finance employees were assigned back in office (in person).

15. Then, in March 2022, Defendant initiated a "hubbing exercise", wherein stations were hubbed together, or treated as one unit. This meant that the number of assigned stations were increased for the remaining finance managers- a bit of a cost cutting measure.

16. Thereafter, finance managers, including Plaintiff, where then assigned stations with a greater geographical radius and significantly increasing subordinate employees to manage.

17. Following the March 2022 "hubbing" experiment, the number of stations Plaintiff was accountable for tripled.

18. Plaintiff found this to be far too much, working literally 80 hours a week until she grew physically ill.

19. Plaintiff consistently worked over 40 hours per work week.

20. Plaintiff was not paid overtime wages at any time as she was dubbed "salaried".

21. In turn, Plaintiff addressed this with her boss, Mr. Parag Parikh, an agent and employee of Defendant. His reply was "everyone has to work harder. Do I need to prioritize your day?" Plaintiff reiterated that she also worked for the New York office on top of her stations in the Dallas/Fort Worth Area, lamenting that she could not meet two deadlines simultaneously.

22. Mr. Parikh's tenure was a fraction of Plaintiff's as he has been under Defendant's employ for 10 years.

23. From approximately March 2022 to August 5, 2024, Mr. Parikh consistently treated Plaintiff in a disparate and harassing manner by verbally berating her, sneaking up behind her at her desk to scare her (knowing she suffered anxiety and sleep apnea), withheld equal pay, shamed Plaintiff for her stress with the workload, precluded Plaintiff from utilizing vacation time, obstructed her job duties, and physically intimidated Plaintiff.

24. Mr. Parikh would daily and routinely interrupt Plaintiff during the workday with inquiries and demands, distressing her and preventing her from performing her duties. Mr. Parikh would disrupt Plaintiff for up to 4 hours on some workdays.

25. Defendant's widespread sexist culture was well known and implicitly understood by female employees.

26. Mr. Parikh, an agent and employee of Defendant, treated male colleagues in an overly more favorable manner with a controlling disposition.

27. In a meeting in April of 2023, Plaintiff addressed some serious concerns with Mr. Parikh, in regards to the audit of SEC disclosures. Plaintiff stated, "we've cut too many corners and paid $20,000 to wrong vendor."

28. Mr. Parikh's response was to scream at Plaintiff, "we will not pass audit" and "I'm tired of walking on eggshells with you," standing up and slamming his hand on the table as a means to intimidate Plaintiff and all other attendees in the meeting, whom were all female.

29. Mr. Parikh reserved his aggressive tantrums for female audiences only.

30. In particular, on April 8, 2022, Mr. Parikh berated Plaintiff on the telephone, screaming and scolding her.

31. On August 25, 2022, Mr. Parikh tracked Plaintiff down whilst she was on a family vacation, on her personal leave time, in a very intrusive and unprofessional manner.

32. Another female employee of Defendant, a fellow finance employee, was overcome with fear and grief and lodged a formal complaint with Human Resources against Mr. Parikh. Defendant took no action.

33. Mass lay offs began in 2023.

34. The more audit and SEC concerns Plaintiff expressed, as a duty and function of her roles, the more work Mr. Parikh piled on Plaintiff.

35. Plaintiff asked for a raise, so her pay was equal with male counterparts, which was denied.

36. Plaintiff then requested to exercise some of her 25 accrued vacation days, and she was denied.

37. Finally, on April 17, 2023, Plaintiff met her physical breaking point. She fainted at work, had stroke symptoms- unable to speak or move, suffered acute onset of stage 3 hypertension and was rushed to the local emergency room.

38. Thereafter, Plaintiff returned to the Dallas office three days a week in person, but she still had to work all her roles and complete remaining hours at home.

39. Plaintiff requested a medical accommodation from Defendant, which was denied.

40. Plaintiff's last day working in the Dallas office was December 14, 2023.

41. Plaintiff was forced to apply for FMLA leave then disability leave.

42. Upon Plaintiff going on leave, Defendant was mysteriously "out of" severance packages to offer employees.

43. Plaintiff is currently employed with Defendant on leave.

## V.
## CAUSES OF ACTION
### *Count 1: Gender Discrimination*

44. Plaintiff repeats and realleges each and every allegation of the above paragraphs, as if set forth fully herein.

45. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in employment on of race, color, disability, religion, sex, national origin, or age.

46. Here, Defendant treated Plaintiff, a female, in such a manner that adversely affected her employment, in violation of Title VII of the Civil Rights Act of 1964.

47. Defendant intentionally targeted Plaintiff on the basis of her gender.

48. Defendant treated Plaintiff, a female, in a disparate manner compared to males in that Plaintiff was subject to yelling, screaming, cussing, threats to her physical safety, whereas male counterparts were not.

49. Defendant also treated Plaintiff in a disparate manner in that Plaintiff was denied equal pay to her male counterparts.

50. Defendant treated Plaintiff in a disparate manner on the basis of gender, thus unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

51. Therefore, Defendant is liable to Plaintiff for damages within the jurisdictional limits of this court.

### *Count 2: Hostile Work Environment*

52. Plaintiff repeats and realleges each and every allegation of the above paragraphs, as if

set forth fully herein.

53. An employer is liable for a hostile work environment claim if: (1) the employee is a member of a protected class, (2) the employee is subject to unwelcome sexual harassment, (3) the harassment is based on sex, (4) the harassment effected a term, condition or privilege of employment, and (5) the employer knew, or should have known, to take remedial action.

54. Here, Plaintiff is a member of a protected class in that she is a female.

55. Plaintiff was subjected to unwelcome harassment by Defendant in that she was verbally abused, embarrassed, yelled at, physically threatened with Mr. Parikh's gestures, grossly overworked, set up to fail, and punished accordingly.

56. The harassment Plaintiff endured was based upon her gender. Males were not treated in this manner. The harassment was utilized as a means to intimate Plaintiff, a female.

57. The harassment effected a term, condition or privilege of employment in that the harassment directly impacted Plaintiff's workplace daily. The ongoing harassment caused Plaintiff significant emotional distress, fear and ultimately physical illness.

58. Defendant knew or should have known of the harassment, and it failed to take remedial action. Defendant knew of the harassment, as it was communicated by Plaintiff both in person and in writing.

59. Defendant failed to take any action. Defendant merely pushed Plaintiff "just take the 3 month severance package."

60. As such, Defendant created a work environment that was severe or pervasive enough to be considered hostile.

61. Therefore, Defendant is liable to Plaintiff for damages within the jurisdictional limits of this court.

### Count 3: Disability Discrimination in Violation of the ADA

62. Plaintiff repeats and realleges each and every allegation of the above paragraphs, as if set forth fully herein.

63. Plaintiff is disabled within the meaning of the ADA. Plaintiff's condition is a permanent disease that impacts a major life function.

64. Plaintiff is qualified to perform the essential functions of her job.

65. Defendant denied Plaintiff's disability accommodation and terminated Plaintiff's disability benefits as of October 8, 2024.

66. Plaintiff has suffered damages as a direct result of Defendant's illegal actions.

### Count 4: Failure to Accommodate in Violation of the ADA

67. Plaintiff repeats and realleges each and every allegation of the above paragraphs, as if set forth fully herein.

68. Plaintiff qualifies as an individual with a disability under the ADA.

69. Defendant, Plaintiff's employer, had notice of his disability for the past two years.

70. Plaintiff can perform the essential functions of her job.

71. Plaintiff requested the following accommodations in writing: (a) to be permitted to work in office 3 days a week; (b) to be provided a private office wherein she would not be startled by Mr. Parikh at his volition; and (c) to be provided a computer or enhancement that enabled Plaintiff to perform her job functions.

72. Furthermore, Defendant failed and refused to honor the ADA Accommodation, and instead urged Plaintiff to simply accept an insulting severance package.

73. Defendant offered alternate, non-teaching positions in administrative, customer service, technology and business. The alternate positions were also a failure to accommodate, as Plaintiff could not readily perform the essential job functions with his disability.

74. In so doing, Defendant did not extend an accommodation for the position Plaintiff was trained and experienced in performing.

75. Plaintiff has suffered damages as a direct result of Defendant's illegal actions.

### Count 5: Constructive Termination- Retaliation

76. Plaintiff repeats and realleges each and every allegation of the above paragraphs, as if set forth fully herein.

77. Wrongful termination is defined as terminating "at will" employment for an illegal reason. Retaliation is an illegal reason for terminating employment.

78. Retaliation by an employer, labor union, or employment agency constitutes an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person if the employee: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

79. Plaintiff was retaliated against by making complaints about her direct supervisor, an agent and employee of Defendant, Mr. Parikh regarding both this gender harassment and failure to adhere to mandatory SEC audit mandates.

80. Plaintiff submitted oral and written complaint to Human Resources from April 2022 to December 2023 to no avail.

81. As a direct result of Plaintiff's complaints and opposition to discriminatory practices and failure to abide by SEC guidelines that Plaintiff flagged and advocated, Plaintiff experienced taunting, escalated verbal harassment, embarrassment and additional work.

82. Also, as a direct and proximate result of the retaliation, Plaintiff was forced to seek counseling to manage the stress and mental anguish of her working condition.

83. Any reasonable person in Plaintiff's position would have felt they had no other option but go out on medical leave, due to the ongoing hostile work environment, escalating retaliation and the impact it was having on her physical and mental health.

84. Plaintiff was constructively terminated for an illegal reason, in retaliation for her complaints.

85. Thus, Plaintiff is entitled to damages within the jurisdictional limits of this Court.

### *Count 6: Violation of FSLA- Failure to Pay Overtime Wages Owed*

86. Plaintiff repeats and realleges each and every allegation of the above paragraphs, as if set forth fully herein.

87. Defendant violated FSLA by failing to properly compensate the Plaintiff for work performed in the employment by Defendant.

88. Plaintiff performed non-exempt tasks on a daily basis.

89. Defendants knowingly and intentionally failed to compensate Plaintiff overtime wages.

90. Defendant knew Plaintiff worked in excess of 80 hours a week and quadrupled her workload as a cost cutting measure.

91. Plaintiff suffered damages as a result of this violation.

Defendant is liable to Plaintiff for all unpaid overtime compensation and liquidated damages, attorneys' fees and costs under FSLA for work performed during time worked in excess of 40 hours per work week for the length of her employment.

92. Defendant is liable to Plaintiff not only for unpaid wages but for an additional and equal amount of liquidated damages.

## VI.
## JURY TRIAL DEMAND

93. Plaintiff requests a jury trial on all questions of fact raised in this Complaint.

## VII.
## PRAYER

WHEREFORE, Plaintiff MELISSA GILBERT-MOORE respectfully asks that the Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded a judgment against Defendant for the following:

    a. Judgment against Defendant for an amount equal to Plaintiff's overtime wages and unpaid wages, at applicable rates;
    b. An equal amount in liquidated damages;
    c. Judgment against Defendant that its violations of FSLA were willful;
    d. Actual and consequential damages
    e. Compensatory and non-compensatory damages;
    f. Front and back pay;
    g. Punitive damages;

h. Attorney's fees and costs;
i. Pre-judgment and post-judgment interest allowed by law;
j. Past and future non-pecuniary damages, including emotional pain, suffering, mental anguish, damage to reputation and other non-pecuniary damages as a result of Defendant's unlawful employment practices described above, in amounts to be proven at trial;
k. Costs of court;
l. Such other further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*[signature: Melissa Gilbert-Moore]*

**MELISSA GILBERT-MOORE**
**PRO SE PLAINTIFF**

2   PLAINTIFF'S ORIGINAL COMPLAINT



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/15/2024

To: Mrs. Melissa Gilbert - Moore
4561 Mahogany Lane
LEWISVILLE, TX 75077
Charge No: 450-2024-09612

EEOC Representative and email:   ANGEL PADILLA
Investigator
angel.padilla@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2024-09612.

On behalf of the Commission,

Angel M Padilla
Digitally signed by Angel M Padilla
Date: 2024.08.15 08:45:10 -05'00'   For

Travis Nicholson
District Director

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Melissa Gilbert Moore

**(b)** County of Residence of First Listed Plaintiff: **Fort Worth**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
NBCUniversal Media, LLC

County of Residence of First Listed Defendant: **New Castle, DE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**4-24CV1120-O**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment | 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the civil Rights Act of 1964, Violatons of the ADA and FSLA

Brief description of cause:
Employment discrimination, wrongful termination, and unpaid overtime wages

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ **$800,000.00**
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____