IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MELISSA GILBERT MOORE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01120-O-BP |
| | § | |
| **NBC UNIVERSAL MEDIA, LLC,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

**I.     LEGAL STANDARD**

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'" under Rule 72(b). *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (citation omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court."). An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

A court may properly deny relief when objections are not specific enough to comply with Rule 72(b). *See Cuza*, 2023 WL 3270064 at *1–2 (dismissing the pro se's petition that did "not

point out specifically where he believes [the magistrate judge] erred, whether it be in her fact-finding, legal analysis, or otherwise"); *Meggett v. Ayala-Meggett*, No. SA-15-CV-339-XR, 2015 WL 13216434, at *2 (W.D. Tex. Dec. 11, 2015) (finding the court was not required to conduct a *de novo* review where pro se plaintiff did "not attempt to offer specific objections to the [m]emorandum and [r]ecommendation, but rather, simply rehashe[d] the factual allegations that [were] contained in his [a]mended [c]omplaint"). A "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3) (italics added).

## II.   ANALYSIS

"Plaintiff does not challenge the dismissal of her Title VII and ADA claims, and instead, the Objections challenge the dismissal of her constructive discharge claim and her FLSA claim."[1] Accordingly, the Court **GRANTS** Defendant's Motion to dismiss Plaintiff's Title VII and ADA Claims. The Court analyzes Plaintiff's objection to the Magistrate Judge's Findings and Conclusions pertaining to her constructive discharge and FLSA claims in turn.

### A. Constructive Discharge

Plaintiff raises three objections to the Findings and Conclusions of the Magistrate Judge. First that the Magistrate Judge "erroneously concluded that Plaintiff failed to state a claim" under Federal Rule 12(b)(6) Motions to Dismiss.[2] Second, the Magistrate Judge erred in denying Plaintiffs leave to amend. Finally, the Magistrate Judge erred in dismissing with prejudice.[3] Each of these objections fail.

---

[1] Pls.' Obj. 1, ECF No. 26.
[2] *Id.* at 2–4.
[3] *Id.* at 4–6.

Plaintiff's constructive discharge claim is not an independent cause of action. Instead, constructive discharge can be one of the prima facie elements of a discriminatory discharge claim under Title VII. *See Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997) (discussing a plaintiff must show, as part of his prima facie case, that he was discharged, but if employee resigns, he may satisfy the discharge requirement by proving constructive discharge). Thus, as a part of Plaintiff's Title VII claim, dismissal is warranted because this claim is time-barred and Plaintiff did not exhaust her administrative remedies.[4] And "Plaintiff does not challenge the dismissal of her Title VII . . . claim[]."[5] As such, Plaintiff's objection regarding leave to amend and dismissal without prejudice are without merit. Plaintiff cannot cure the deficiencies identified by the Magistrate Judge.

Plaintiff argues that the Court should have granted leave to amend their complaint, or alternatively, dismissal should have been without prejudice.[6] The Magistrate Judge denied leave to amend Plaintiff's Title VII claim because Plaintiff "did not bring this case within ninety days after receiving the right-to-sue letter, and [Plaintiff] has not shown that the deadline should be tolled."[7] As such, denying leave to amend and dismissal with prejudice was proper. Thus, the Court, after a *de novo* review, finds no error in the Magistrate Judge's order. Because Plaintiff has already been granted their chance to amend, amendment at this time would be futile. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

---

[4] FCR 9–10, May 18, 2025, ECF No. 25.
[5] Pls.' Obj. 1, ECF No. 26.
[6] *Id.* at 4–6.
[7] FCR 22, May 18, 2025, ECF No. 25 (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

### B. Fair Labor Standards Act

Next, Plaintiff objects to the Magistrate Judge's analysis regarding the Fair Labor Standards Act (FLSA). Plaintiff again raises three similar objections, namely, (1) the Magistrate Judge "erroneously concluded that Plaintiff failed to state a claim" under Federal Rule 12(b)(6) Motions to Dismiss,[8] (2) erred in denying Plaintiff's leave to amend;[9] and (3) erred in dismissing with prejudice.[10] The Court concludes that the Findings and Conclusions of the Magistrate Judge are correct.

The Magistrate Judge found, as framed in Plaintiff's objection, "that Plaintiff's First Amended Complaint fails to allege that NBC is engaged in interstate commerce and that Plaintiff does not allege the amount of overtime compensation that is due to her."[11] Plaintiff argues that "these allegations can be discerned from Plaintiff's pleadings."[12] However, the Court is obliged to examine the facts as pled in Plaintiff's First Amended Complaint. The First Amended Complaint, as pled, lacks the factual allegations necessary to support a FLSA claim. Plaintiff's assertion of new facts in her objection is improper. *See Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011) (stating that the "factual universe is bounded by the four corners of the complaint").

As for leave to amend and dismissal with prejudice, the Magistrate Judge concluded "that she has pleaded her best case under the existing facts."[13] Plaintiff argues that "her amendment was filed . . . for the purpose of attaching a copy of the right to sue letter" not as a response to Defendant's Motion to Dismiss.[14] Under Rule 15, Plaintiff had the opportunity to amend as a

---

[8] Pls.' Obj. 6–8, ECF No. 26.
[9] *Id.* at 9–10.
[10] *Id.* at 10–11.
[11] *Id.* at 7.
[12] *Id.*
[13] FCR 23, May 18, 2025, ECF No. 25.
[14] Pls.' Obj. 10, ECF No. 26.

4

matter of course after Defendant's Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B). Thus, Plaintiff *did* have the chance to amend as a response to Defendant's Motion, and she elected not to do so.

It is well-established in this circuit that "[a] bare bones" request to amend is "futile when it 'fail[s] to apprise the district court of the facts [the plaintiff] would plead in an amended complaint.'" *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)) (first alteration in original); *see also Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024). Thus, the Court finds no error in the Magistrate's determination that Plaintiff should be denied leave to amend her FLSA claim and that dismissal with prejudice is warranted.

## III.  CONCLUSION

After conducting a *de novo* review and finding no error, the Magistrate Judge's Findings and Conclusions are correct, and they are accepted as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that Defendant's Motions to Dismiss (ECF No. 15) is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **7th day** of **July, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

5